UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TEANNA MARIE AHEARN,

                Plaintiff,

v.                                                                                            1:19-CV-0704
                                                                                              (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | BRANDI SMITH, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANNE ZEIGLER, ESQ.<br>DENNIS CANNING, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 15.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**      **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1983. (T. 61.) She completed the 7th grade. (T. 38.) Generally, Plaintiff's alleged disability consists of: Hashimoto's disease, hypothyroidism, and anxiety. (T. 61.) Her alleged disability onset date is March 30, 2015. (*Id.*)

### B. Procedural History

On March 31, 2015, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 68.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 19, 2017, Plaintiff appeared before the ALJ, Michael Carr. (T. 26-60.) On March 29, 2018, ALJ Carr issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-25.) On April 4, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 15-21.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 31, 2015. (T. 15.) Second, the ALJ found Plaintiff had the severe impairments of: Hashimoto's disease and hypothyroidism. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 17.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b); except, she could occasionally: balance, stoop, kneel, crouch, crawl; climb ramps, stairs, ladders, ropes, and scaffolds;

and tolerate exposure to extreme cold.  (T. 17.)[1]  Fifth, the ALJ determined Plaintiff was unable to perform her past relevant work as a babysitter; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 19-21.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ's RFC was not supported by substantial evidence because the ALJ improperly relied on a medical opinion that did not consider Plaintiff's reported symptoms for a disorder that lacks objective findings.  (Dkt. No. 11 at 7-10.)  Plaintiff also filed a reply in which she deemed no reply necessary.  (Dkt. No. 14.)

### B.   Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues substantial evidence, including the medical opinion evidence and Plaintiff's testimony, supported the ALJ's evaluation of Plaintiff's subjective complaints and RFC assessment.  (Dkt. No. 13 at 10-14.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 416.967(b).

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and

despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

    **B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

Plaintiff argues the RFC determination was not supported by substantial evidence because the ALJ relied on the opinion of the consultative examiner who did not consider Plaintiff's reported symptoms of Hashimoto's disease.  (Dkt. No. 11 at 7-10.)  Plaintiff also appears to argue the ALJ failed to properly assess Plaintiff's

subjective complaints based on lack of objective findings.  (*Id*. at 9-10.)  For the reasons outlined below, the ALJ properly assessed Plaintiff's subjective complaints and the ALJ's RFC determination was proper and supported by substantial evidence in the record.

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations."  20 C.F.R. § 416.945(a)(1)[2].  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

As part of the ALJ's step four determination, the ALJ must employ a two-step analysis to evaluate plaintiff's reported symptoms.  *See* 20 C.F.R. § 416.929.  First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged."  *Id*. § 416.929(a).  Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit plaintiff's ability to do work.  *See id.*

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

At this second step, the ALJ must consider: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication plaintiff takes or has taken to relieve his pain or other symptoms; (5) other treatment plaintiff receives or has received to relieve her pain or other symptoms; (6) any measures that plaintiff takes or has taken to relieve her pain or other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to her pain or other symptoms.  20 C.F.R. § 416.929(c)(3)(i)-(vii).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the evidence in the record.  (T. 18.)  Plaintiff argues the ALJ improperly relied on objective findings to discredit Plaintiff's reported symptoms of a disease which alludes objective findings.  (Dkt. No. 11 at 9.)

Objective medical evidence "is a useful indicator to assist [the ALJ] in making reasonable conclusions about the intensity and persistence" of Plaintiff's symptoms and the effects those symptoms may have on Plaintiff's ability to function.  20 C.F.R. § 416.929(c)(2).  The regulations also state an ALJ will not reject Plaintiff's statement of symptoms "solely because the available objective medical evidence does not substantiate [his] statements."  *Id*. § 416.929(c)(2).

To be sure, an ALJ cannot "effectively require[] 'objective' evidence for a disease that eludes such measurement."  *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003).  However, contrary to Plaintiff's argument, the ALJ did not rely on the lack of

7

objective findings to discredit her diagnosed impairments or her reported symptoms of fatigue, low energy, and weakness. Rather, as stated by Defendant, the ALJ considered the objective medical findings as one of many factors that were inconsistent Plaintiff's claim of disabling symptoms.

The ALJ properly considered objective medical observations and Plaintiff's reports to treating sources in evaluating Plaintiff's subjective complaints. The ALJ acknowledged Plaintiff was diagnosed with hypothyroidism and Hashimoto's disease and prescribed medication treatment. (T. 18, 251-252.) The ALJ concluded objective medical evidence was not consistent with her allegations of the severity of her symptoms of Hashimoto's disease. (T. 18.) The ALJ considered treatment and medication Plaintiff received from her treating provider, Yasmin Pervez, M.D. (T. 18); *see* 20 C.F.R. § 416.929(c)(3)(iv). The ALJ considered Plaintiff's statement to Dr. Pervez that she was generally feeling well and noted objective medical imaging showing an enlarged thyroid lobe. (*Id*.) The ALJ noted treatment Plaintiff received in 2017 at which time she reported symptoms of dizziness, fatigue, weakness and diaphoresis; however, she reported the symptoms improved after eating some sugar. (*Id*.) In addition, the ALJ considered consultative examiner John Schwab, M.D.'s finding on examination and treatment received at the Diabetes and Endocrinology Center of WNY. (T. 18.) The ALJ noted the record did not contain further medical records pertaining to recent treatment for Hashimoto's disease. (T. 18-19.)

In assessing Plaintiff's subjective complaints, the ALJ also considered Plaintiff's activities of daily living, such as her ability to care for three children. (T. 18, 33, 52, 176, 258); *see* 20 C.F.R. § 416.929(c)(3)(i). In his decision the ALJ considered Plaintiff's

reported difficulties with daily chores, however, she was able to clean and do laundry, and she could perform personal care. (T. 16, 185-187, 258, 261); *see Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (holding ALJ properly discounted claimant's complaints where claimant cared for one-year old child, changed diapers, sometimes vacuumed and washed dishes, occasionally drove, watched television, read, and used a computer).

Therefore, in assessing Plaintiff's subjective complaints, the ALJ did not improperly dismiss her diagnoses or allegations based on lack of objective findings. The ALJ properly considered the objective medical evidence, as well as Plaintiff's treatment and activities, in concluding Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (T. 18.)

The ALJ's RFC determination was also proper and supported by substantial evidence in the record. In formulating Plaintiff's RFC, the ALJ properly relied on the record as a whole. In general, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was

9

entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

In addition, the ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018). Here, substantial evidence supports the ALJ's RFC. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (substantial evidence is evidence that "a reasonable mind might accept as adequate to support" a conclusion.) The ALJ relied on the only opinion in the record, objective medical observations, and Plaintiff's testimony. Further, the ALJ's RFC was ultimately more restrictive than the medical opinion and "remand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record." *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020).

Consultative examiner, Dr. Schwab, examined Plaintiff and provided a medical source statement. (T. 261-263.) Dr. Schwab noted Plaintiff's diagnosis of Hashimoto's disease and medication prescribed for treatment. (T. 261.) Based on his examination Dr. Schwab opined Plaintiff had "no restrictions." (T. 263.) Plaintiff argues, Dr. Schwab's opinion never noted objective imaging findings (T. 413) or any of Plaintiff's reports of fatigue, weakness, or low energy; and therefore, his opinion could not have constituted substantial evidence. (Dkt. No. 11 at 9.) Plaintiff's argument fails.

As an initial matter, a consultative examiner is not required to obtain or review laboratory reports or treatment records. *Wright v. Berryhill*, 687 F. App'x 45, 48 (2d Cir. 2017) ("the facts that Dr. Wassef's specialty is pediatrics and that his review did not

10

include the Plaintiff's MRI results do not preclude the ALJ from assigning Dr. Wassef's opinion significant weight"); *see Amos v. Comm'r of Soc. Sec.*, No. 1:18-CV-1367, 2020 WL 1493888, at *4 (W.D.N.Y. Mar. 27, 2020) (ALJ did not err in affording weight to consultative examiner who did not review objective imaging); *see Giovino v. Comm'r of Soc. Sec.*, No. 19-CV-122, 2020 WL 1909982, at *3 (W.D.N.Y. Apr. 20, 2020) (same); *see Genito v. Comm'r of Soc. Sec.,* No. 7:16-CV-0143, 2017 WL 1318002, at *9 (N.D.N.Y. Apr. 7, 2017) ("there is no legal requirement that opinion sources must have access to a full and complete record in order for their opinions to be sufficient to constitute substantial evidence"); *see* 20 C.F.R. § 404.1519n(c)(1)-(7) (elements of a complete consultative examination).  Therefore, the fact that Dr. Schwab did not review medical imaging or treatment notes does not preclude the ALJ from affording his opinion substantial weight.

      To be sure, Dr. Schwab's report did not list Plaintiff's symptoms of fatigue, weakness, or low energy.  (T. 261.)  Indeed, the examination report does not contain a heading for "symptoms."  (T. 261-263.)  The report lists Plaintiff's chief complaint as Hashimoto's thyroiditis and anxiety.  (T. 261.)  The report also includes Plaintiff's "social history" and "activities of daily living."  (*Id.*)  Although Dr. Schwab's report did not list specific symptoms, that does not mean he did not consider them.  Even if Dr. Schwab did not account for Plaintiff's symptoms in formulating his opinion, the ALJ considered Plaintiff's symptoms and ultimately found her more restrictive than Dr. Schwab.  Therefore, any error the doctor made in failing to account for Plaintiff's symptoms was harmless.

The ALJ's RFC determination, including his assessment of Plaintiff's subjective complaints, was proper and supported by substantial evidence in the record. The ALJ relied on the only medical opinion in the record provided by Dr. Schwab. Overall, the ALJ ultimately determined Plaintiff had more limitations than provided by Dr. Schwab. *Lesanti*, 436 F. Supp. 3d at 649. The ALJ afforded Dr. Schwab's opinion "some weight," and concluded that additional evidence received "persuaded" him Plaintiff's exertional abilities were "somewhat compromised." (T. 19.) The ALJ also relied on the objective medical evidence in the record such as observations, treatment, and medication prescribed. Lastly, the ALJ took Plaintiff's statements to providers and her testimony into account. Plaintiff bears the burden of proof at step four and here failed to prove a more restrictive RFC. *Smith v. Berryhill*, 740 F. App'x 721, 725 (2d Cir. 2018).

Overall, the ALJ properly assessed Plaintiff's subjective complaints and RFC. Substantial evidence in the record, as outline herein, supported the ALJ's determination.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: November 5, 2020

William B. Mitchell Carter
U.S. Magistrate Judge